BLAKE G. HALL, ESQ.
SAM L. ANGELL, ESQ.
HALL ANGELL & ASSOCIATES, LLP
1075 S Utah Avenue, Suite 150
Idaho Falls, Idaho 83402
Telephone (208) 522-3003
Fax (208) 621-3008
*ISB Nos. 2434 and 7012*
bgh@hasattorneys.com
sla@hasattorneys.com

Attorneys for Defendants City of Burley and Dee Hodge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDSEY YEAMAN, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF BURLEY, an Idaho municipal corporation; and DEE HODGE, an individual,<br><br>　　　　　Defendants. | Case No. 4:21-cv-345<br><br>**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

By and through counsel of record, Defendants, CITY OF BURLEY and DEE HODGE, submit the following as an Answer to Plaintiffs' Amended Complaint (hereinafter "Complaint").

In answering this Complaint, Defendants expressly reserve, in addition to the defenses set forth below, all defenses provided for or authorized by Fed. R. Civ. P. 12 and all other defenses provided by law. Moreover, Defendants state that their investigation of this matter is continuing and as such, certain averments, statements and defenses may change in the future in light of additional or newly discovered information.

## **GENERAL DENIAL**

Defendants deny any and all allegations in Plaintiff's Complaint not expressly admitted herein.

## I.
## PARTIES, VENUE, JURISDICTION

1. With regard to Paragraph 1, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

2. With regard to Paragraph 2, Defendants admit the same.

3. With regard to Paragraph 3, Defendants admit the same.

4. With regard to Paragraph 4, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

5. With regard to Paragraph 5, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

## II.
## FACTUAL ALLEGATIONS

6. With regard to Paragraph 6, this paragraph contains no allegations of fact, and therefore, Defendants deny the same.

7. With regard to Paragraph 7, Defendants admit the same.

8. With regard to Paragraph 8, Defendants admit the same.

9. With regard to Paragraph 9, Defendants deny the same.

10. With regard to Paragraph 10, Defendants deny the same.

11. With regard to Paragraph 11, Defendants deny the same.

12. With regard to Paragraph 12, Defendants deny the same.

13. With regard to Paragraph 13, Defendants deny the same.

14. With regard to Paragraph 14, Defendants deny the same.

15. With regard to Paragraph 15, Defendants deny the same.

16. With regard to Paragraph 16, Defendants deny the same.

17. With regard to Paragraph 17, Defendants deny the same.

18. With regard to Paragraph 18, Defendants deny the same.

19. With regard to Paragraph 19, Defendants deny the same.

20. With regard to Paragraph 20, Defendants admit the same.

21. With regard to Paragraph 21, Defendants deny the same.

22. With regard to Paragraph 22, Defendants deny the same.

23. With regard to Paragraph 23, Defendants deny the same.

24. With regard to Paragraph 24, Defendants deny the same.

25. With regard to Paragraph 25, Defendants deny the same.

26. With regard to Paragraph 26, Defendants deny the same.

27. With regard to Paragraph 27, Defendants deny the same.

28. With regard to Paragraph 28, Defendants deny the same.

29. With regard to Paragraph 29, Defendants deny the same.

30. With regard to Paragraph 30, Defendants deny the same.

31. With regard to Paragraph 31, Defendants deny the same.

32. With regard to Paragraph 32, Defendants deny the same.

33. With regard to Paragraph 33, Defendants deny the same.

34. With regard to Paragraph 34, Defendants deny the same.

35. With regard to Paragraph 35, Defendants deny the same.

36. With regard to Paragraph 36, Defendants deny the same.

37. With regard to Paragraph 37, Defendants deny the same.

38. With regard to Paragraph 38, Defendants deny the same.

39. With regard to Paragraph 39, Defendants deny the same.

40. With regard to Paragraph 40, Defendants deny the same.

41. With regard to Paragraph 41, Defendants deny the same.

42. With regard to Paragraph 42, Defendants deny the same.

43. With regard to Paragraph 43, Defendants deny the same.

44. With regard to Paragraph 44, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

45. With regard to Paragraph 45, Defendants deny the same.

46. With regard to Paragraph 46, Defendants deny the same.

47. With regard to Paragraph 47, Defendants deny the same.

48. With regard to Paragraph 48, Defendants admit the same.

49. With regard to Paragraph 49, Defendants deny the same.

50. With regard to Paragraph 50, Defendants deny the same.

51. With regard to Paragraph 51, Defendants deny the same.

52. With regard to Paragraph 52, Defendants deny the same.

53. With regard to Paragraph 53, Defendants deny the same.

## III.
### SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
### (City of Burley)

54. With regard to Paragraph 54, this paragraph contains no allegations of fact, and therefore, Defendants deny the same.

55. With regard to Paragraph 55, Defendants deny the same.

ANSWER TO COMPLAINT - 4

56. With regard to Paragraph 56, Defendants deny the same.

57. With regard to Paragraph 57, Defendants deny the same.

58. With regard to Paragraph 58, Defendants deny the same.

59. With regard to Paragraph 59, Defendants deny the same.

60. With regard to Paragraph 60, Defendants deny the same.

61. With regard to Paragraph 61, Defendants deny the same.

62. With regard to Paragraph 62, Defendants deny the same.

63. With regard to Paragraph 63, Defendants deny the same.

64. With regard to Paragraph 64, Defendants deny the same.

## IV.
## DISCRIMINATION/SEXUAL HARASSMENT
### Idaho Code § 67-5091 et seq.
### (City of Burley)

65. With regard to Paragraph 65, this paragraph contains no allegations of fact, and therefore, Defendants deny the same.

66. With regard to Paragraph 66, Defendants deny the same.

67. With regard to Paragraph 67, Defendants admit the same.

68. With regard to Paragraph 68, Defendants deny the same.

69. With regard to Paragraph 69, Defendants deny the same.

70. With regard to Paragraph 70, Defendants deny the same.

## V.
## RETALIATION
### 42 U.S.C. §2000e
### (City of Burley)

71. With regard to Paragraph 71, this paragraph contains no allegations of fact, and therefore, Defendants deny the same.

ANSWER TO COMPLAINT - 5

72. With regard to Paragraph 72, Defendants deny the same.

73. With regard to Paragraph 73, Defendants deny the same.

74. With regard to Paragraph 74, Defendants deny the same.

75. With regard to Paragraph 75, Defendants deny the same.

76. With regard to Paragraph 76, Defendants deny the same.

77. With regard to Paragraph 77, Defendants deny the same.

78. With regard to Paragraph 78, Defendants deny the same.

79. With regard to Paragraph 79, Defendants deny the same.

## VI.
## RETALIATION
## Idaho Code § 67-5901 et seq.
## (City of Burley)

80. With regard to Paragraph 80, this paragraph contains no allegations of fact, and therefore, Defendants deny the same.

81. With regard to Paragraph 81, Defendants deny the same.

82. With regard to Paragraph 82, Defendants deny the same.

83. With regard to Paragraph 83, Defendants deny the same.

84. With regard to Paragraph 84, Defendants deny the same.

85. With regard to Paragraph 85, Defendants deny the same.

## VII.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (Hodge)

86. With regard to Paragraph 86, this paragraph contains no allegations of fact, and therefore, Defendants deny the same.

87. With regard to Paragraph 87, Defendants deny the same.

88. With regard to Paragraph 88, Defendants deny the same.

89. With regard to Paragraph 89, Defendants deny the same.

90. With regard to Paragraph 90, Defendants deny the same.

91. With regard to Paragraph 91, Defendants deny the same.

92. With regard to Paragraph 92, Defendants deny the same.

93. With regard to Paragraph 93, Defendants deny the same.

## VIII.
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Hodge)

94. With regard to Paragraph 94, this paragraph contains no allegations of fact, and therefore, Defendants deny the same.

95. With regard to Paragraph 95, Defendants deny the same.

96. With regard to Paragraph 96, Defendants deny the same.

97. With regard to Paragraph 97, Defendants deny the same.

98. With regard to Paragraph 98, Defendants deny the same.

99. With regard to Paragraph 99, Defendants deny the same.

100. With regard to Paragraph 100, Defendants deny the same.

101. With regard to Paragraph 101, Defendants deny the same.

### ATTORNEY'S FEES

102. With regard to Paragraph 102, Defendants deny the same.

103. With regard to Paragraph 103, Defendants deny the same.

### **AFFIRMATIVE DEFENSES:**

1. Plaintiffs' Complaint, and each and every allegation contained therein, fails to state a claim against Defendants upon which relief can be granted.

2.     Plaintiff's Complaint and the averments contained therein fail sufficiently to allege the times and places at which certain material events described in the complaint allegedly occurred, and such claims therefore are barred and/or subject to dismissal pursuant to Rule 9 of the Federal Rules of Civil Procedure.

3.     Plaintiff has failed to exhaust administrative remedies with regard to some or all of the claims asserted for which exhaustion is required under applicable law.

4.     Plaintiff's damages, if any, are solely attributable to the conduct of Plaintiff and/or were proximately caused in whole or in part by unforeseeable, independent, intervening, and/or superseding events and by the unforeseeable, acts and/or omissions of persons or entities other than Defendants.

5.     Plaintiff lacks standing to pursue claims in this matter and/or Plaintiff's claims are moot and/or not yet ripe.

6.     Plaintiff's claims are precluded by the Doctrines of Waiver, Estoppel and/or Laches.

7.     Plaintiff's claims are precluded by the applicable Statutes of Limitation.

8.     Plaintiff has failed to mitigate damages, if any.

9.     The acts or omissions of Plaintiff and/or others constitute comparative negligence which, pursuant to Idaho Code § 6-801 *et seq*, or other applicable laws, bars or reduces Plaintiff's recovery, if any, against Defendants.

10.    Plaintiff failed to comply with the Idaho Tort Claims Act.

11.    Plaintiff's claims are barred by the provisions of the Idaho Tort Claims Act.

12. If Defendants have any liability to the Plaintiff, which liability is denied, any award made to Plaintiff in this action must be reduced by the court, pursuant to Idaho Code §§ 6-1603, 6-1604 and 6-1606.

13. Defendants allege that some or all of the injuries claimed by Plaintiff pre-existed the incident alleged in the Complaint, or were the progression thereof, and were the result of medical factors and conditions, or other emotional or mental disorders, not proximately caused by any action of Defendants.

14. Defendants allege that the Plaintiff's damages, if any, were proximately caused by the superseding, intervening, negligence, omissions, fault or actions of other third persons or parties for which Defendants are not responsible, and that any negligence or breach of duty on the part of Defendants if any, was not a proximate cause of the alleged loss to the plaintiff. In asserting this defense, Defendants do not admit any negligence or breach of duty, and to the contrary, deny all allegations of negligence or breach of duty.

15. The allegations contained in Plaintiff's Complaint do not constitute a deprivation of rights protected by the United States Constitution or other provisions of law referred to by Plaintiff in the complaint.

16. Plaintiff's Complaint fails to state a claim for relief regarding punitive damages, and/or Plaintiff's claim for punitive damages has been improperly raised in the Complaint without leave of Court.

17. All or some of Plaintiff's claims based upon alleged violations of civil rights, which are specifically denied, are not cognizable because they are *de minimus*.

18. The actions of Defendants were at all times carried out in good faith. Defendants had objectively reasonable belief that all conduct was lawful at all times stated in Plaintiff's Complaint.

19. Defendants have not engaged in any conduct that would violate or be contrary to public policy.

20. Defendants are entitled to qualified and/or absolute immunity.

21. Defendants are not liable under theories of Respondeat Superior.

22. Plaintiff has failed to reply with the notice requirements under the Idaho Whistleblower Act and/or Plaintiff's Claims are barred by the Idaho Whistleblower Act.

23. The Defendants' conduct was appropriate because the Defendants would have taken the same action against Plaintiff in the absence of any alleged unlawful conduct under the analysis described in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977).

24. The foregoing defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief. In asserting these defenses, Defendants do not admit that Defendants have the burden of proving the allegations or denials contained in the defenses, but, to the contrary, assert that by reasons of the denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse to the allegations contained in many of the defenses is upon the Plaintiff. Defendants do not admit, in asserting any defense, any responsibility or liability, but, to the contrary, specifically deny any and all allegations of responsibility and liability in Plaintiff's Complaint.

25. Defendants may have additional defenses to Plaintiff's Complaint, but cannot at this time, consistent with Rule 11 of the Federal Rules of Civil Procedure, state with specificity

those defenses.  Accordingly, Defendants reserve the right to supplement the Answer and add additional defenses as discovery in this case progresses.

## **REQUEST FOR ATTORNEY FEES**

Defendants have been required to retain the services of an attorney in order to defend against Plaintiffs' complaint and are entitled to reasonable attorney's fees and costs of suit pursuant to applicable 42 U.S.C. § 1988; Idaho Code § 12-120 and 121; Rules 11 and 54, Federal Rules of Civil Procedure and other state and federal statutes which may be applicable.

## **DEMAND FOR JURY TRIAL**

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Defendants request a trial of the issues of fact herein by a jury.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice, with Plaintiff taking nothing thereunder;

2. Defendants be awarded costs and attorney fees necessarily incurred in defending this action;

3. For such other relief as the Court may deem just and proper.

Dated this 22nd day of September, 2021.

                                                                     /S/_____
                                                                    BLAKE G. HALL

## CERTIFICATE OF SERVICE

      I hereby certify that I served a true copy of the foregoing document upon the following this 22nd day of September, 2021, by electronically filing with the Clerk of the Court using CM/ECF system with a Notice of Electronic Filing to the following persons:

David W. Gadd, Esq.
Kelly H. Andersen, Esq.
STOVER GADD & ASSOC.
PO Box 1428
Twin Falls, ID 83303
Email: dwg@magicvalleylaw.com

                                        ___/S/_____
                                        BLAKE G. HALL