BLAKE G. HALL, ESQ.
SAM L. ANGELL, ESQ.
DILLON S. ERICKSON, ESQ.
HALL ANGELL & ASSOCIATES, LLP
1075 S Utah Avenue, Suite 150
Idaho Falls, Idaho 83402
Telephone (208) 522-3003
Fax (208) 621-3008
*ISB Nos. 2434, 7012 and 10312*
bgh@hasattorneys.com
sla@hasattorneys.com
dse@hasattorneys.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDSEY YEAMAN, an individual,<br><br>              Plaintiff,<br><br>v.<br><br>CITY OF BURLEY, an Idaho municipal corporation; and DEE HODGE, an individual,<br><br>              Defendant. | Case No. 4:21-cv-345<br><br>**STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Defendants, CITY OF BURLEY and DEE HODGE, by and through counsel of record, HALL ANGELL & ASSOCIATES, LLP, submits this Statement of Material Facts in Support of Motion for Summary Judgment.

**STATEMENT OF MATERIAL FACTS**

1.      Plaintiff was employed by the City of Burley until February 2020 when her supervisor Dee Hodge terminated her employment due to her failure to meet work performance standards and requirements.

2.      Plaintiff was hired by the City of Burley in 2014 as a laboratory technician in the wastewater department. Amended Complaint, ¶ 7.

3.      In July 2018, Plaintiff was promoted to the position of pretreatment coordinator. *Id.* at ¶ 20.

4.      Dee Hodge was the director of wastewater services for the City of Burley and was Plaintiff's supervisor. Declaration of Dee Hodge, ¶ 2.

5.      As Plaintiff's supervisor, Mr. Hodge observed many instances where he felt Plaintiff's performance as pretreatment coordinator was below acceptable standards. *Id.* Hodge made repeated efforts to assist Plaintiff including providing her with instruction and setting various goals for her to improve her work performance. *Id.*

6.      By November 2019, Hodge was still dissatisfied with Plaintiff's work performance and decided to terminate Plaintiff's employment but did not want to begin the formal process until after Thanksgiving and Christmas. *Id.* at ¶ 9.

7.      On January 6, 2020, Plaintiff met with the Director of Human Resources for the City of Burley, Carol Anderson. Declaration of Carol Anderson, ¶ 3. Plaintiff met with Ms. Anderson to lodge various complaints against her supervisor Dee Hodge. *Id.* She reported that she felt like Hodge intimidated and bullied her, sabotaged her work, gave her incorrect information or withheld information, applied different rules for her only, and isolated her from her coworkers. *Id.* She concedes that she did not report any sexual harassment to Ms. Anderson. Declaration of Counsel, Ex. F, Transcript of Deposition of Plaintiff, p. 45, ll. 8–25 and pp. 46–47.

8. At some point during that meeting, Ms. Anderson invited City Administrator Mark Mitton to join the meeting. Anderson Declaration, ¶ 4. Plaintiff reported the same concerns to Mr. Mitton. *Id.*

9. On January 31, 2020, Hodge began the termination process by delivering a notice of proposed termination to Plaintiff. Hodge Declaration. The notice indicated that Hodge was proposing the termination of Plaintiff's employment based on her failure to meet work performance standards and requirements. *Id.* at Ex. A.

10. For example, the Notice specifically mentioned:

   a. Ms. Yeaman did not publish the 2019 violations and names of the industrial customers that had committed the violations.

   b. In January 2020, Mr. Hodge looked at the 2019 Industrial Customer self-testing spreadsheet where all the monthly data reported to Ms. Yeaman was accumulated. He did not observe that any of the customer data had been entered since the last part of November 2019 and some had not been entered since October 2019. Ms. Yeaman was supposed to include all that data in an annual report due to the Idaho Pollutant Discharge Elimination System Program by the first of March. There was no indication that Ms. Yeaman had even started to work on it by January 2020.

   c. In July 2019, the Idaho Department of Environmental Quality notified the wastewater department it would be doing a Pretreatment Compliance Inspection (PCI) on September 16, 2019, and all requested documents needed to be submitted before August 16, 2019, in order to

inspect the files before the PCI. Ms. Yeaman was aware of the notice of the PCI and confirmed to Mr. Hodge her ability to comply.

    d. By August 2019, Mr. Hodge learned that Ms. Yeaman would not be able to meet the deadline. Mr. Hodge had to request an extension from the DEQ. He also instructed told Ms. Yeaman to complete the Industrial Inspections before the PCI except for the 5 DEQ reserved.

    e. The DEQ requested additional information from Ms. Yeaman after the PCI. By December 2019, Ms. Yeaman had completed the industrial inspections but had not inspected any restaurants.

    f. By December 30, 2019, Ms. Yeaman had still not sent the information to the DEQ. Mr. Hodge asked another employee sent it to the DEQ.

    g. On January 13, 2020, Mr. Hodge learned Ms. Yeaman had not properly performed an inspection for an industrial user.

11. The notice also stated that her conduct constituted a failure to meet work performance standards and requirements, willful or negligent disobedience, incompetence, inefficiency, and inexcusable neglect of duties. *Id.*

12. The notice also informed Plaintiff that Burley City policy afforded her an opportunity to be heard before the proposed termination was imposed. *Id.* The hearing was scheduled for February 10, 2020. *Id.* Plaintiff elected to be heard on the matter. *Id.*

13. Plaintiff attended the hearing accompanied by her friend Dan Pherigo. Anderson Declaration, ¶ 6. Dee Hodge and Carol Anderson also attended the meeting. *Id.* Plaintiff was able to present any argument or evidence she wished to counter the issues

raised in the notice. *Id.* at ¶ 7. The hearing lasted approximately 90 minutes. *Id.* Once again, Plaintiff did not report any alleged sexual harassment. *Id.*

14.     After the hearing, Mr. Hodge determined that Plaintiff's conduct still warranted dismissal. Hodge Declaration, ¶ 11.

15.     On February 13, 2020, Mr. Hodge signed a Notice of Termination of Employment. *Id.* at Ex. B. The notice informed Plaintiff that her employment was terminated for the reasons stated in the proposal and she had not presented any reason that would reverse the proposed termination of her employment. *Id.* She was also informed of her right to appeal the decision to the mayor. *Id.* Plaintiff did not appeal to the mayor. Anderson Declaration, ¶ 8.

Dates this 29th day of November, 2022.

*Sam Angell*

SAM L. ANGELL

# CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing document upon the following this 29th day of November, 2022, by the method indicated below:

Kelly H. Andersen, Esq.             [X] CM/ECF
David W. Gadd, Esq.
STOVER GADD & ASSOC.
PO Box 1428
Twin Falls, ID 83303
Email: kha@magicvalleylaw.com
Email: dwg@magicvalleylaw.com


_____
SAM L. ANGELL